

**IT IS ORDERED as set forth below:**

**Date: November 8, 2018**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | &#124; | CASE NUMBER |
| | &#124; | |
| **DANA MICHELLE VALORIE CALHOUN**, | &#124; | **18-67543-PMB** |
| | &#124; | |
| Debtor. | &#124; | CHAPTER 13 |

## ORDER (I) GRANTING DEBTOR'S
## MOTION TO IMPOSE AUTOMATIC STAY AND (II)
## <u>IMPOSING STRICT COMPLIANCE REGARDING MORTGAGE PAYMENTS</u>

This matter was set for a hearing on November 8, 2018 at 10:30 a.m. (the "Hearing") on Debtor's *Motion to Impose Automatic Stay* (Docket No. 5)(the "<u>Motion</u>"). The Motion was filed on October 18, 2018 and this case was filed on October 18, 2018, such that the Motion was filed within thirty (30) days after the filing of this case. On November 7, 2018, Wells Fargo Bank, N.A. ("<u>Wells Fargo</u>") filed a pleading entitled *Response of Wells Fargo Bank, N.A. to Debtor's Motion to Impose Automatic Stay* (Docket No. 12)(the "<u>Response</u>") in which it opposed imposition of the automatic stay in this case.

Counsel for the Debtor and counsel for Wells Fargo appeared at the Hearing and came to an agreement regarding Wells Fargo's assertions raised in the Response.

There being no opposition to the Motion, and the Debtor having shown that the filing of the above case is in good faith as to the creditors to be stayed in accordance with 11 U.S.C. § 362(c)(4), it is

**ORDERED** that the Motion be, and the same hereby is, **GRANTED as follows**:

1. The automatic stay of 11 U.S.C. § 362(a) is **IMPOSED** as to all creditors.

2. The stay referenced in Paragraph 1 shall remain in effect through the pendency of this case until (i) further order of this Court, or (ii) the stay expires or terminates pursuant to 11 U.S.C. § 362(c)(1), (c)(2), or (e).

3. The stay referenced in paragraph 1 may be vacated as to a party in interest if that party in interest did not receive notice of the Motion and files a pleading demonstrating the lack of service and a basis to oppose the stay referenced in paragraph 1. Upon the filing of such pleading, the stay referenced in paragraph 1 may be vacated as to the party in interest that was not served with or without further notice or an opportunity for a hearing.

4. The relief granted in this Order does not preclude a creditor from filing a subsequent motion for relief from stay as appropriate.

5. The relief granted in this Order is effective immediately upon entry of this Order, and is not subject to any stay.

6. The Debtor shall pay timely each mortgage payment to Wells Fargo that comes due on or after the date of this Order for a period of twenty-four (24) months.  If the Debtor

fails to make any such mortgage payments timely, Wells Fargo shall be entitled to file with the Court a notice of such failure, and the Court may enter and Order terminating the stay granted in this Order as to Wells Fargo, or dismissing this case, without further notice or a hearing.

The Clerk is directed to serve a copy of this Order upon Debtor, counsel for the Debtor, the Chapter 13 Trustee, the United States Trustee, and all parties on the mailing matrix in this case.

**[END OF DOCUMENT]**